UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RICHARD C. MCKENZIE, JR. et al.,

       Plaintiffs,

 -v-                                                                     No.  12 Civ. 7297 (LTS)(KNF)

ROBERT FISHKO et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

       Defendants Robert Fishko, Cheryl Fishko, and Forum Gallery, Inc. (collectively, "Defendants") have filed an objection to Magistrate Judge Kevin Fox's ruling, rendered at a July 3, 2013, hearing and memorialized in a July 9, 2013, Order, granting the discovery demand of Plaintiffs Richard C. McKenzie, Jr. and Seven Bridges Foundation, Inc. (collectively, "Plaintiffs") with respect to cost documents for 110 works of art that Defendants sold to Plaintiffs.[1]

       This case arises out of Plaintiffs' allegations that Defendants, functioning collectively as Plaintiffs' "buyer's representative" or "agent" in the art market, inter alia, defrauded Plaintiffs, breached the contract between the parties, breached their fiduciary duty to Plaintiffs and engaged in unfair and deceptive trade practices by misrepresenting the discounts

---

[1] Plaintiffs argue that Defendants' Objection, filed on July 10, 2013, is untimely pursuant to Federal Rule of Civil Procedure 72(a).  (See Pl. Opp. at 2.)  The Court finds that the instant Objection relates to Judge Fox's July 9, 2013, written Order, and, therefore, is timely under the Federal Rules.  Furthermore, even had the Objection been untimely, failure to timely file an objection "is a nonjurisdictional waiver provision and its violation may be excused in the interests of justice."  Lava Trading Inc. v. Hartford Fire Ins.Co., No. 03 Civ. 7037, 2005 WL 4684238, at *1 (S.D.N.Y. Apr. 11, 2005) (citing DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000)).

that Defendants purportedly provided to Plaintiffs in the sales of the 110 works of art.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

The Court has reviewed thoroughly all of the parties' submissions and arguments. For the following reasons, Defendants' Objection is overruled and Judge Fox's Order will stand.

BACKGROUND

Defendants have raised the arguments contained in their Objection multiple times over the course of this litigation.  Following the Plaintiffs' complaint that Defendants were not complying with their discovery obligations and disclosing documents relating to the prices paid for various pieces of art, at a May 29, 2013, status conference, Judge Fox ordered that Defendants turn over the cost documents for the 110 works of art sold to the Plaintiffs by Defendants.  (May 29, 2013, Tr. 7:19-16:13, Docket entry No. 54.)  On May 31, 2013, Judge Fox issued a written Order, memorializing what he had said orally at the conference, and directing the Defendants to "provide to the plaintiffs, expeditiously, the cost data the plaintiffs have requested in their discovery demands, pertinent to the 110 works of art the defendants sold to the plaintiffs."  (Docket Entry No. 44.)

Defendants then requested that Judge Fox reconsider this order on the basis of allegedly new testimony by Plaintiff McKenzie during a deposition on June 19, 2013.  (See Docket Entry No. 51, Tr. July 3, 2013, 6:9-24, 16:1-20:11.)  Defendants argued then, as they do now, that McKenzie's testimony indicates that the only relevant cost data that they should have to produce to Plaintiffs is that for works of art from the "secondary market," which were sold for more than $300,000.  (Id., Def. Obj. at 6.)  According to Defendants, McKenzie testified that any agreement (that Defendants would get the best price possible on works and then take only a 5% commission) did not apply to works of art purchased for $300,000 or less.  (Id.)  Defendants further contend that

McKenzie testified that, with respect to artists whom Plaintiffs did represent in the primary market, the purported agreement between the parties "required uniform application of a discount off of the list price (i.e., the retail price) – not cost" – and so the disclosure of cost data related to these transactions is, therefore, also irrelevant to Plaintiffs' claims.  (Def. Obj. at 8.)[2]

On July 2, 2013, the Defendants outlined these arguments in a letter to Judge Fox and, at the July 3, 2013, hearing in front of Judge Fox, Defendants requested that Judge Fox reconsider his earlier discovery order, which had directed the Defendants to turn over the disputed "cost data."  (See Docket Entry No. 51, Tr. July 3, 2013, 15:24-20:11.)  At the July 3, 2013, conference, Judge Fox asked Defendants why the relevant documents had not been produced and told Defendants that the cost data must be turned over to Plaintiffs by July 12, 2013.  (See Tr. July 3, 2013, 18:2-20:11, Docket Entry No. 51.)  On July 9, 2013, Judge Fox issued a written Order requiring Defendants to produce the "cost data" for the aforementioned 110 transactions by July 12, 2013.  (See Docket Entry No. 47.)

DISCUSSION

Under Federal Rule of Civil Procedure 72(a), a party may object to an order issued on a nondispositive motion and the district judge "must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." "Under this highly deferential standard, magistrate judges 'are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic, No. 10 Civ. 5256 (KMW)(DCF), 2013 WL 541259, at *1 (S.D.N.Y. Feb. 11, 2013) (quoting Ritchie-

---

[2]   These are similar arguments to those raised by Defendants at the May 29, 2013, conference.  (Docket entry No. 54, May 29, 2013, Tr.11:16-25, 12:14-23.)

Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 78 (S.D.N.Y. 2012)).  An order is clearly erroneous where, based on the entire evidence, the district court is "left with the definite and firm conviction that a mistake has been committed."  Equal Emp't Opportunity Commission v. Teamsters Local 804, No. 04 Civ. 2409(LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (citations omitted).  A finding is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quotation marks and citation omitted).  "The party seeking to overturn a magistrate judge's decision [therefore] bears a heavy burden."  Id.  Moreover, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge."  Thai Lao Lignite (Thailand) Co., Ltd., 2013 WL 541259, at *1 (citation omitted).

       Defendants argue that the cost data is not relevant and thus, is not properly the subject of a discovery order.  Judge Fox carefully considered the Defendants' arguments multiple times.  Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery "that is relevant to any party's claim or defense" and, on a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."  "[T]he term 'relevant' should be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  Sommer v. Aronow, No. 95 Civ. 9230(LMM), 1996 WL 399820, at *1 (S.D.N.Y. July 16, 1996) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  The Court finds that Judge Fox's determination that the cost data for the 110 works of art sold to Plaintiffs fell within the broad definition of relevance and should be produced was neither clearly erroneous nor contrary to the law.  Accordingly, Defendants' Objection is overruled.  Having

overruled Defendants' Objection, the Court denies as moot the Plaintiffs' motion to strike Exhibits 4 and 5 from the July 10, 2013, Declaration of Ryan Weiner, and Exhibits 1, 2, 4, and 5 from the August 7, 2013, Declaration of Ryan Weiner.

## CONCLUSION

For the foregoing reasons, Defendants' Objection to Judge Fox's July 9, 2013, Order is overruled and Plaintiff's motion to strike is denied as moot. This Memorandum Order resolves docket entry numbers 48 and 67.

Defendants are ordered to produce the cost data for the 110 transactions, pursuant to Judge Fox's July 9, 2013, Order, to Plaintiffs by August 16, 2013. The parties are further directed to contact Judge Fox's Chambers promptly to establish a schedule for the completion of discovery.

SO ORDERED.

Dated: New York, New York
       August 13, 2013

                                              /S
                                    LAURA TAYLOR SWAIN
                                    United States District Judge