```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD C. MCKENZIE, JR, and SEVEN           :
BRIDGES FOUNDATION, INC,
                                             :
        Plaintiffs/Counter-Defendants,
                                             :
              -against-                          MEMORANDUM AND ORDER
                                             :
ROBERT FISHKO, CHERYL FISHKO, and                12 Civ. 7297 (LTC) (KNF)
FORUM GALLERY, INC,                          :

        Defendants/Counter-Claimants,        :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On October 11, 2013, the Court directed that any: (a) party wishing to make a motion to compel discovery can do so on or before October 18, 2013; (b) response be filed on or before November 1, 2013; and (c) reply be filed on or before November 8, 2013. (Docket Entry No. 73). On October 16, 2013, the Court granted the plaintiffs' request to extend the time for filing such a motion to October 28, 2013. (Docket Entry No. 74). On October 28, 2013, the defendants filed a motion to compel the plaintiffs to produce certain discovery. (Docket Entry No. 76). The plaintiffs filed their opposition papers on November 8, 2013. (Docket Entry No. 80-82). The Court ordered the Clerk of Court to strike the plaintiff's opposition papers as late. (Docket Entry No. 85). Before the Court is the plaintiffs' motion for: (1) an extension of time from November 4 to November 8, 2013, to file their opposition to the defendants' motion to compel; or alternatively, (2) an order deeming the plaintiffs' papers filed on November 8, 2013 filed <u>nun</u> <u>pro</u> <u>tunc</u> as of November 4, 2013, and directing the Clerk of Court to reinstate the plaintiffs' opposition to the defendants' motion, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. The defendants oppose the motion.

*Plaintiffs' Contentions*

The plaintiffs contend that their filing the opposition papers on November 8, 2013, rather than November 4, 2013, when they were due, constitutes excusable neglect, because their counsel "was honestly and genuinely confused about the date to file Plaintiffs' opposition papers based on the wording of the October 16, 2013 entry of the [Electronic Case Filing ("ECF")] docket system: 'Set/Reset Deadlines, Replies due by 11/8/2013. (js) Entered 10/16/2013.'" According to the plaintiffs' counsel:

> Because this entry was entered the same day as Doc. 74 was dated - - October 16, 2013, Plaintiffs' Counsel made the incorrect assumption the Court meant that our opposition was due on November 8, 2013, because it did not make sense to me that the oppositions were due on November 1, 2013, which was the date set by the Court in Doc. 73. Counsel took the word "Reset" to mean the opposition date had been reset - - since the Reply date in Doc. 73 was November 8 and thus therefore it appeared to Counsel to not have been "Reset." It was an honest mistake - - Counsel was confused about the timing and order of the entries on the ECF website.

The plaintiffs' counsel contends he "was not trying to play fast and loose with the Rules" and he thought in good faith that "we were following the deadlines established by the Court." The plaintiffs maintain that they will suffer prejudice if their opposition to the defendants' motion is not considered, but if it is considered, the defendants' motion "will be opposed as it should be, so there is no prejudice."

*Defendants' Contentions*

The defendants contend that the reason for delay proffered by the plaintiffs "is nonsensical," because it is based "on the ground that they thought 'replies' meant 'oppositions.'" According to the defendants, the plaintiffs' failure to read or comprehend a court order does not constitute excusable neglect. Moreover, if the plaintiffs' counsel was confused about the ECF

docket entry, as contended, "the plaintiffs never explain why they simply did not contact the Court to resolve their 'confusion.'"

*Plaintiffs' Reply*

In their reply, the plaintiffs repeat their contentions and raise, improperly, new arguments, which will not be considered by the Court. See Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

*Legal Standard*

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Kernisant v. City of New York, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (quoting C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1165 (2d ed. 1986)).

> The determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances. For that reason the notion is an "elastic concept." Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control. To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance. A court will also consider the degree of prejudice to the opposing party.
>
> Rittmaster v. Painewebber Group, Inc., 147 F.3d 132, 135 (2d Cir. 1998) (citations omitted).

*Application of Legal Standard*

The plaintiffs' counsel contends that he was "confused" by the October 16, 2013 docket sheet entry stating "Set/Reset Deadlines, Replies due by 11/8/2013." He interpreted "replies"

3

erroneously to mean "oppositions," because it did not make sense to him that "the oppositions were due on November 1, 2013, which was the date set by the Court in Doc. 73," since the Court extended the deadline to file the motions to October 28, 2013. However, the plaintiffs' counsel failed to explain why, if it did not make sense to him that the oppositions were due on November 1, 2013, as the October 11, 2013 order directed, he never contacted the Court to clarify his confusion. Notwithstanding counsel's erroneous understanding of the October 16, 2013 docket sheet entry, nothing indicates that the plaintiffs or their counsel acted in bad faith. The plaintiffs' delay of one day in filing the opposition was short. The October 11, 2013 order, extending the filing deadline for the motions, while not setting any deadlines for the response and reply, left room for potential confusion about what deadlines govern the response and reply, that is whether the deadlines for the response and reply set forth in the October 11, 2013 order or Local Civil Rules and Federal Rules of Civil Procedure deadlines govern. In light of these circumstances, and given that the plaintiffs' delay in filing their opposition was short, no prejudice will attend the defendants if the instant motion is granted. Accordingly, the Court finds that granting the plaintiffs' motion for an extension of time to file their opposition to the plaintiffs' motion is warranted.

*Conclusion*

For the foregoing reasons, the plaintiffs' motion, Docket Entry No. 87, is granted. On or before December 4, 2013, the plaintiffs shall re-file their opposition papers that have been stricken by the Court's November 14, 2013 order (Docket Entry No. 85).

Dated: New York, New York
       November 27, 2013

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE