UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RICHARD C. MCKENZIE, JR. et al.,

        Plaintiffs,

  -v-                                                       No. 12 Civ. 7297 (LTS)(KNF)

ROBERT FISHKO et al.,

        Defendants.
--------------------------------------------------------x

## ORDER

        Defendants Robert Fishko, Cheryl Fishko, and Forum Gallery, Inc. (collectively, "Defendants") move for summary judgment and request that the Court stay the instant action pending a determination of their motion for summary judgment. Plaintiffs Richard C. McKenzie Jr. and the Seven Bridges Foundation, Inc. (collectively, "Plaintiffs") oppose Defendants' motions for summary judgment and for a stay and cross-move for summary judgment. On December 6, 2013, the Court issued an Order temporarily staying the case, pending the resolution of the instant stay motion. (See Docket Entry No. 108.) This case arises out of Plaintiffs' allegations that Defendants, inter alia, defrauded Plaintiffs, breached the contract between the parties, breached their fiduciary duty to Plaintiffs and engaged in unfair and deceptive trade practices by misrepresenting the discounts that Defendants purportedly provided to Plaintiffs in the sales of 110 works of art. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. Having considered carefully all of the parties' submissions, the Court grants Defendants' motion for a stay pending determination of their summary judgment motion and the determination of Plaintiffs' cross motion for summary judgment.

DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N.Am. Co., 299 U.S. 248, 254 (1936). "The decision whether or not to stay . . . a proceeding rests within a district judge's discretion." Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

The title of Plaintiffs' memorandum in opposition to Defendants' motion for summary judgment and cross-motion for summary judgment indicates that Plaintiffs oppose Defendants' motion for stay, but Plaintiffs have not offered any response in the body of the memorandum in support of their opposition to the stay's continuance. After weighing the relevant factors and the interests of the parties and the public and in light of the fact that Plaintiffs have not offered any reason for why the stay should not be continued, the Court finds that a continuance of the stay would be an appropriate exercise of its discretion. A stay is not likely to prejudice or cause hardship to the Plaintiffs as discovery in this case concluded in November 2013; Plaintiffs have cross-moved for summary judgment; and the litigation history between the parties is a prolonged and adversarial one.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a stay pending the resolution of the Defendants' motion for summary judgment and Plaintiffs' cross motion for summary judgment is granted.

This Order resolves docket entry number 103.

SO ORDERED.

Dated: New York, New York
March 6, 2014

/S
LAURA TAYLOR SWAIN
United States District Judge